IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| INTERMEC IP CORP., a Delaware corporation, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. 06-411-GMS |
| ALIEN TECHNOLOGY CORP., a Delaware corporation, | ) ) ) | **DEMAND FOR JURY TRIAL** |
| Defendant. | ) ) | |

## AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, Intermec IP Corp. ("Intermec"), for its Amended Complaint against Defendant Alien Technology Corp. ("Alien") hereby alleges:

### JURISDICTION AND VENUE

1. This action arises under the patent laws of the United States, 35 U.S.C. § 101 et seq. This Court has jurisdiction under 28 U.S.C. § 1338(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(c) and 1400(b).

### THE PARTIES

3. Plaintiff Intermec is incorporated under the laws of the State of Delaware, and has its principal place of business at 6001 36th Ave. West, Everett, WA 98203.

4. On information and belief, Defendant Alien is incorporated under the laws of the State of Delaware, and has its principal place of business at 18220 Butterfield Blvd., Morgan Hill, CA 95037.

## ASSERTED PATENTS

5.    On June 18, 1996, the United States Patent and Trademark Office ("PTO") issued U.S. Patent No. 5,528,222 ("the '222 Patent") to Paul Moskowitz, Michael J. Brady and Paul W. Coteus for their invention entitled "Radio Frequency Circuit and Memory in Thin Flexible Package." Intermec owns all right and title to the '222 Patent. A copy of the '222 Patent is attached hereto as Exhibit A.

6.    On October 27, 1998, the PTO issued U.S. Patent No. 5,828,318 ("the '318 Patent") to Christian Lenz Cesar for his invention entitled "System and Method for Selecting a Subset of Autonomous and Independent Slave Entities." Intermec owns all right and title to the '318 Patent. A copy of the '318 Patent is attached hereto as Exhibit B.

7.    On September 11, 2001, the PTO issued U.S. Patent No. 6,286,762 ("the '762 Patent") to Andrew E. Reynolds, Christopher A. Wiklof, and Daniel B. Bodnar for their invention entitled "Method and Apparatus to Perform a Predefined Search on Data Carriers, Such as RFID Tags." Intermec owns all right and title to the '762 Patent. A copy of the '762 Patent is attached hereto as Exhibit C.

8.    On November 2, 2004, the PTO issued U.S. Patent No. 6,812,852 ("the '852 Patent") to Christian Lenz Cesar for his invention entitled "System and Method for Selecting a Subset of Autonomous and Independent Slave Entities." Intermec owns all right and title to the '852 Patent. A copy of the '852 Patent is attached hereto as Exhibit D. (The '222, '318, '762 and '852 Patents are collectively referred to as "patents-in-suit.")

9.    The patents-in-suit relate to Radio Frequency Identification ("RFID") technology, which has many applications. The object of any RFID system is to carry data in suitable transponders, generally known as tags, and to retrieve the data, by machine-readable

means, at a suitable time and place to satisfy particular application needs. Data within a tag may provide identification for an item in manufacture, goods in transit, a location and/or identity of a vehicle, an animal or individual. By including additional data, it is possible to provide applications with item specific information or instructions immediately available on reading the tag, for example, the color of paint for a car body entering a paint spray area on the production line, the set-up instructions for a flexible manufacturing cell or the manifest to accompany a shipment of goods.

10. An RFID system requires, in addition to tags, a means of reading or interrogating the tags and some means of communicating the data to a host computer or information management system. In an RFID system, an interrogating device emits a radio signal to activate the tag and read data from it and, in some instances, write data to it.

**ACCUSED PRODUCTS**

11. Alien makes, uses, sells and/or offers for sale RFID products, including RFID readers and tags, that infringe the patents-in-suit.

12. These products include, but are not limited to, Alien's RFID Reader ALR-9800, and its RFID Tags ALL-9440 "Gen2 Squiggle™" and ALL-9460 "Omni-Squiggle™". (These products are collectively referred to as "Accused Products.")

**FIRST CLAIM FOR RELIEF**
**(INFRINGEMENT OF THE '222 PATENT)**

13. Intermec incorporates paragraphs 1 through 12 by reference as though fully set forth herein.

14. By virtue of its manufacture, use, sale, offer for sale and/or encouragement of others to use its RFID products, including the Accused Products, Alien has been and still is

3

infringing, inducing the infringement of and/or contributing to the infringement of the '222 Patent.

15.     Alien's infringement of the '222 Patent has caused and will continue to cause Intermec substantial and irreparable injury for which Intermec is entitled to receive adequate compensation, or injunctive relief.  As a result of Alien's infringement of the '222 Patent, and Intermec's compliance with the requirements of 35 U.S.C. § 287(a), Intermec is entitled to damages adequate to compensate it for the infringement, but in no event less than a reasonable royalty.

16.     Upon information and belief, Alien's infringement of the '222 patent has been willful and deliberate.

## SECOND CLAIM FOR RELIEF
## (INFRINGEMENT OF THE '318 PATENT)

17.     Plaintiff incorporates paragraphs 1 through 16 by reference as though fully set forth herein.

18.     By virtue of its manufacture, use, sale, offer for sale and/or encouragement of others to use its RFID products, including the Accused Products, Alien has been and still is infringing, inducing the infringement of and/or contributing to the infringement of the '318 Patent.

19.     Alien's infringement of the '318 Patent has caused, and will continue to cause, Intermec substantial and irreparable injury for which Intermec is entitled to receive adequate compensation, or injunctive relief.  As a result of Alien's infringement of the '318 Patent, and Intermec's compliance with the requirements of 35 U.S.C. § 287(a), Intermec is entitled to damages adequate to compensate it for the infringement, but in no event less than a reasonable royalty.

20.     Upon information and belief, Alien's infringement of the '318 patent has been willful and deliberate.

### THIRD CLAIM FOR RELIEF
### (INFRINGEMENT OF THE '762 PATENT)

21.     Intermec incorporates paragraphs 1 through 20 by reference as though fully set forth herein.

22.     By virtue of its manufacture, use, sale, offer for sale and/or encouragement of others to use its RFID products, including the Accused Products, Alien has been and still is infringing, inducing the infringement of and/or contributing to the infringement of the '762 Patent.

23.     Alien's infringement of the '762 Patent has caused, and will continue to cause, Intermec substantial and irreparable injury for which Intermec is entitled to receive adequate compensation, or injunctive relief.  As a result of the infringement of the '762 Patent, and Intermec's compliance with the requirements of 35 U.S.C. § 287(a), Intermec is entitled to damages adequate to compensate it for the infringement, but in no event less than a reasonable royalty.

24.     Upon information and belief, Alien's induced infringement of the '762 patent has been willful and deliberate.

### FOURTH CLAIM FOR RELIEF
### (INFRINGEMENT OF THE '852 PATENT)

25.     Intermec incorporates paragraphs 1 through 24 by reference as though fully set forth herein.

26.     By virtue of its manufacture, use, sale, offer for sale and/or encouragement of others to use its RFID products, including the Accused Products, Alien has been and still is

5

infringing, inducing the infringement of and/or contributing to the infringement of the '852 Patent.

27.    Alien's infringement of the '852 Patent has caused, and will continue to cause, Intermec substantial and irreparable injury for which Intermec is entitled to receive adequate compensation, or injunctive relief.  As a result of Alien's infringement of the '852 Patent, and Intermec's compliance with the requirements of 35 U.S.C. § 287(a), Intermec is entitled to damages adequate to compensate it for the infringement, but in no event less than a reasonable royalty.

28.    Upon information and belief, Alien's infringement of the '852 patent has been willful and deliberate.

## DEMAND FOR RELIEF

WHEREFORE, Intermec prays that this Court:

A.    Grant injunctive relief prohibiting Defendant Alien, its officers, agents, servants, employees and attorneys, and upon those persons in active concert or participation with Defendant, from further infringement of the patents-in-suit;

B.    Award Intermec its damages adequate to compensate it for Defendant's infringement, together with interest as fixed by the Court;

C.    Award Intermec treble damages for Defendant's willful infringement.

D.    Declare this case exceptional pursuant to 35 U.S.C. § 285 and award Intermec its costs and reasonable attorneys' fees; and

E.    Grant Intermec such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, Intermec demands trial by jury of all issues triable

of right by a jury.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Rodger D. Smith II*

Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
Rodger D. Smith II (#3778)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
   Attorneys for Plaintiff Intermec IP Corp.

OF COUNSEL:

Carson P. Veach
Leland W. Hutchinson, Jr.
Jacob D. Koering
FREEBORN & PETERS LLP
311 South Wacker Drive
Suite 3000
Chicago, IL 60606
(312) 360-6000

January 8, 2007

550542

## CERTIFICATE OF SERVICE

I, Rodger D. Smith II, hereby certify that on January 8, 2007, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

Frederick L. Cottrell, III
Chad M. Shandler
Alyssa M. Schwartz
RICHARDS, LAYTON & FINGER

I also certify that copies were caused to be served on January 8, 2007 upon the following in the manner indicated:

### BY HAND

Frederick L. Cottrell, III
Chad M. Shandler
Alyssa M. Schwartz
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899

### BY FEDERAL EXPRESS

Charles D. Siegal
Gregory P. Stone
Megan La Belle
Andrea Weiss Jeffries
Daniel A. Beck
Munger, Tolles & Olson LLP
355 South Grand Avenue, 35th Floor
Los Angeles, CA 90071-1560

*/s/ Rodger D. Smith II*
Rodger D. Smith II (#3778)
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Wilmington, DE 19801
(302) 658-9200
rsmith@mnat.com