IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| INTERMEC IP CORP., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 06-411-GMS |
| | ) | |
| ALIEN TECHNOLOGY CORP., | ) | |
| | ) | |
| Defendant. | ) | |

## **ORDER**

1. On June 1, 2006, Alien Technology Corp. ("Alien") filed a declaratory judgment action (Alien Technology Corp. v. Intermec, Inc. and Intermec IP Corp., Case No. 3:06-cv-51 (D.N.D. 2006)) against Intermec IP Corp. and Intermec, Inc., seeking a declaration of invalidity or non-infringement from the United States District Court for the District of North Dakota (the "North Dakota Action"). (D.I. 15 at 1.)

2. On June 29, 2006, Intermec IP Corp. ("Intermec") filed the above captioned matter (D.I. 1, Compl.) against Alien for patent infringement of ten of Intermec's patents, six of which are in suit in the North Dakota Action.

3. On August 18, 2006, Alien moved to dismiss or stay, or, in the alternative, transfer, in part relying on a then-outstanding motion to dismiss in the North Dakota Action. (D.I. 9.) Briefing on the motion to dismiss in the Delaware action was completed on October 24, 2006.

4. On January 5, 2007, Alien wrote to inform this court that the district court in North Dakota denied Intermec's motion to dismiss. (D.I. 22.)

5. On January 8, 2007, Intermec filed an Amended Complaint, without motion or request for leave to file. (D.I. 23.) The Amended Complaint asserts four patents that are not in

suit in the North Dakota Action, thus removing the six overlapping patents. In response to the Amended Complaint, on January 23, 2007, the defendant Alien filed a second motion to dismiss, stay, or in the alternative transfer the above-captioned matter to the district court in North Dakota.[1] (D.I. 26.)

6. Where two patent lawsuits involving the same claims are filed in different jurisdictions, the Federal Circuit requires that the first-filed action be given preference absent special circumstances. *See Genentech v. Eli Lilly & Co.,* 998 F.2d 931, 937 (Fed. Cir. 1993). The first-filed doctrine also serves to prevent a multiplicity of actions and to achieve resolution in a single lawsuit of all disputes arising from common matters. *See id.* at 937. This doctrine applies equally well where the first-filed action is one for a declaratory judgment. *See id.* at 938 (noting that, where the declaratory action can resolve the various issues, a first-filed declaratory action is entitled to precedence as against a later-filed patent infringement action.).

7. The court finds that this case involves the same parties, the same technology, some of the same patents of the original complaint, and the same legal theories as in the North Dakota Action. A transfer of the subsequently filed Delaware action will promote judicial administration and consistency of results.

IT IS HEREBY ORDERED that:

---

[1] As a technical matter, Rule 15(a) of the Federal Rules of Civil Procedure does permit the filing of an amended complaint once as a matter of course prior to the filing of a responsive "pleading." Nevertheless, given the fact that a motion to dismiss was pending before the court, it seems that local counsel, at least, would be aware by now that the custom and practice of the court would have required the filing of a request for leave to file. At the very least, courtesy should have suggested that rather than burdening the court with an additional complaint which predictably generated an additional motion to dismiss, the parties might have met and conferred so as to present the issue to the court in one set of papers.

1. Alien's motion (D.I. 9) to transfer the above-captioned matter to the United States District Court for the District of North Dakota is GRANTED.

2. Alien's second motion to dismiss (D.I. 26) is DENIED as moot.


Dated: January 30, 2007                           /s/ Gregory M. Sleet
                                                  UNITED STATES DISTRICT JUDGE